UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDELL NEWTON,<br><br>           Plaintiff,<br><br>     v.<br><br>SAN QUENTIN STATE PRISON,<br><br>           Defendant. | Case No. 13-03719 JCS<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND UNDER 28 U.S.C. § 1915** |

## I.     INTRODUCTION

Plaintiff, a former prisoner, filed this action against San Quentin State Prison, asserting claims for negligence and violation of his right to due process under the Fourteenth Amendment of the United States Constitution. Having previously granted Plaintiff's Application to Proceed in Forma Pauperis, the Court now considers whether Plaintiff's Complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of an in forma pauperis complaint that is frivolous or malicious or fails to state a claim. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court finds that Plaintiff fails to state a federal claim and therefore, that the Court lacks subject matter jurisdiction over this action. Accordingly, the Court dismisses Plaintiff's complaint with leave to amend. **The Case Management Conference set for Friday, November 8, 2013 is vacated**.

## II. BACKGROUND

### A. Allegations in Plaintiff's Complaint

Plaintiff's claims in this action are based on the following factual allegations:

> On December 10, 2008, at San Quentin State Prison in Badge Section between Hours of 9:00 and 9:30 pm. Correctional Officer Curzen picked up Plaintiff Cardell Newton's legal Mail that was addressed to United States District Court, 450 Golden Gate Ave., 16th floor San Francisco, California 94102. Also Correctional Officer Curzen asked the Plaintiff Cardell Newton to let him see the content that was in the legal mail, then Correctional Officer Curzen told the Plaintiff Cardell Newton to put the content back in the envelop and seal it in front of him. Then Correctional Officer Curzen took the legal mail that was addressed to United States District Court, 450 Golden Gate Ave. 16th floor San Francisco, California 94102. Correctional Officer Curzen then turned the letter over; he signed and dated the legal mail in front of Plaintiff Cardell Newton. Correctional Officer Curzen also showed the Plaintiff Cardell Newton where he signed it and dated it.
>
> While the Plaintiff Cardell Newton had a deadline December 12, 2008 in United States District Court, Judge Jeremy Fogel's Courtroom. The legal mail was given to Correctional Officer Curzen on December 10, 2008. However, the United States District Clerk's office received the legal document that was addressed to them on December 16, 2008. Four days past the Plaintiff Cardell Newton's deadline of December 12, 2008.

Complaint at 2.

Plaintiff further alleges:

> Now even though Judge Fogel dismissed the Plaintiff's petition on August 21, 2008. The Judge dismiss the Plaintiff's petition without prejudice, the judge also stated in his report that the plaintiff Cardell Newton could still re-file a new action in which he either pay the filing fee or file a completed if (in forma pauperis).
>
> The Plaintiff Cardell Newton still had a deadline of December 12, 2008 to pay the filing fee so that the plaintiff could still proceed with his appeal. The plaintiff mailed his legal mail that was addressed to United States District Court, 450 Golden Gate Ave. 16th floor San Francisco, California 94102 on December 10, 2008. Now if the San Rafael United States Postal Service in Marin County would have post dated the 11th or the 12th of December 2008 the United States District Court, 450 Golden Gate Ave. 16th floor San Francisco, California 94102 would have honor the post mark date and would have allowed the plaintiff to proceed with his appeal.
>
> However, the Defendant San Quentin did not mail the Plaintiff's legal mail off until the 15th of December 2008, which was three days past the plaintiff's deadline December 12, 2008.

> Now if the defendant would have mailed the plaintiff's legal mail off the following work day [like] it states in the title 15. pg. 78 section 3615(a) the defendant would not be legally responsible. If the Defendant had mailed the Plaintiff's legal mail off the following working day, the plaintiff would have his right to try to get his conviction overturned.

*Id*. at 4. Plaintiff also quotes California Code of Regulations, Title 15, Article 6, Section 3615(a) at p. 78, which sets forth the procedures for processing outgoing legal mail in California prisons. *Id*. at 2-3.[1] According to Plaintiff, because the mail was delivered to the Court after the Court's deadline, he was denied "the right to contest a conviction [] [w]hich left the Plaintiff Cardell Newton with a strike and a conviction on his record for the rest of his life." *Id*. at 3.

Based on these factual allegations, Plaintiff asserts the following claims: 1) Violation of the Fourteenth Amendment of the United States Constitution "by not allowing the Plaintiff the right to proceed appeal of a criminal conviction, [by] not doing so the plaintiff cannot exhaust Administrative remedies of a court deadline"; 2) "Malice" ("The Defendant maliciously held the plaintiff legal mail five Days past the date . . . the plaintiff mailed his legal mail off which was December 10, 2008 . . . ."); 3) "Negligent" ("The Defendant did not make any effort to mail out the Plaintiff's legal mail . . . in a timely manner. Defendant wasn't in compliance with [section 3165(a) of Title 15 of the California Administrative Code]"); 4) "Liable" ("The defendant had sole control over the plaintiff's legal mail . . . . By the defendant not mailing the plaintiff's legal mail off in a timely manner like it is stated in [Section 3165(a)] [t]he plaintiff lost his rights to try to get a conviction over turned. Which makes the defendant legally responsible."). *Id*. at 5-6.

---

[1] Section 3165 of Title 15 of the California Administrative Code governs the mailing of legal documents from prisons. Subsection (a) provides as follows:

> The mailing of legal documents to courts and claims to the Board of Control (BOC) is the inmate's responsibility. Mail designated by the inmate as legal mail will be delivered to the facility mail room for inspection, pursuant to Sections 3144 and 3145, and mailing in accordance with local facility mail procedures. The mail room shall maintain a current address list of federal, state, county, appellate, and district courts. The mail room will send mail out each working day.

Cal. Admin Code tit. 15, § 3165(a).

**B.     The Prior Actions[2]**

On July 9, 2008, Cardell Newton, the plaintiff in the instant action, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this district. See Docket No. 1, Case No. C-08-3301 JF, United States District Court for the Northern District of California (hereinafter, "habeas case"). The habeas case was assigned to the Hon. Jeremy Fogel. *Id*. At the time, Mr. Newton was incarcerated at San Quentin state prison. *Id*. On the same date, July 9, 2008, the Clerk's Office issued a notice to Plaintiff informing him that he needed to either pay the $5.00 filing fee or file an application to proceed in forma pauperis. Docket No. 2, habeas case. The notice informed Mr. Newton that the filing fee was "now due" and that if he did not file an application to proceed in forma pauper or pay the filing fee within thirty days of the date of the notice, the action would be dismissed. *Id*.

On the same date Mr. Newton filed his habeas petition, he also filed an application to proceed in forma pauperis. *See* Docket No. 1, Case No. C-08-3327 VRW (hereinafter, "the 3327 action"), United States District Court for the Northern District of California. The application, dated June 24, 2008, included the completed form, Mr. Newton's Certificate of Funds, and a trust account statement ("the June 24 ifp application"). *Id*. Apparently due to a clerical error, the Clerk's Office opened a separate case and assigned a new case number to it. Although the 3327 action was later closed, after Mr. Newton wrote a letter to the Court informing it of the error, in response to the notice discussed above Mr. Newton filed *another* application to proceed in forma pauperis in the habeas case, dated July 16, 2008 ("the July 16 ifp application"). *See* Docket No. 4, habeas case. The July 16 ifp application included a Certificate of Funds but did not include the trust account statement. In a letter to the Court dated September 5, 2008, Mr. Newton explained that he had requested the trust account statement from the prison but had not been able to obtain one. Docket No. 8, habeas case.

On July 24, 2008, Judge Walker issued an order finding that Mr. Newton's application to

---

[2] Documents that are part of the public record may be judicially noticed to show that a judicial proceeding occurred or that a document was filed in another court case. Fed. R. Evid. 201; *Wyatt v. Terhune*, 315 F.3d 1108, 1114, n. 5 (9th Cir.2003). Factual findings from another judicial proceeding, however, cannot be admitted for their truth through judicial notice. *Id*.

4

proceed in forma pauperis had been erroneously filed in the 3327 action, closing the 3327 case and instructing the Clerk "to file the application to proceed in forma pauperis into civil case 08-3301 JF (PR) and to close civil case 08-3327 VRW (PR)." Judge Walker's Order was filed in both actions. *See* Docket No. 3, habeas action; *see also* Docket No. 4, 3327 case. Nonetheless, on August 26, 2008, the habeas case was dismissed on the basis that Mr. Newton had failed to pay the filing fee and had not provided the required supporting documentation in connection with the July 16 ifp application. The court stated that the application was dismissed "without prejudice to refiling in a new action in which he either pays the filing fee or files a completed ifp application." *Id*. The order of dismissal did not set a deadline for refiling. On the same date, judgment was entered against Mr. Newton dismissing his petition without prejudice. Docket No. 7, habeas case.

On December 16, 2008, Mr. Newton's filing fee in the habeas case was received by the Clerk's office. Docket No. 9, habeas case. The fee was accompanied by a letter from Mr. Newton stating that his "deadline [was] Dec[ember] 12, 2008." *Id*. On May 27, 2009, the Court issued an order vacating its prior judgment dismissing the action and further ordering the respondent to show cause why a writ of habeas corpus should not issue on three of the five claims that were asserted in Plaintiff's habeas petition. Docket No. 12, habeas case. The Court dismissed two of the five claims on the basis that they did not state any federal claim. *Id.* The Court's dismissal of those two claims was not related to any delay in the payment of the filing fee in the habeas case (or delay in filing any other document). *Id*.

On June 30, 2009, the respondent filed a motion to dismiss the petition on the basis that Mr. Newton had failed to exhaust his state remedies as to two of the three remaining claims. Docket No. 13, habeas case. On February 22, 2010, the Court granted the motion to dismiss with leave to file an amended petition asserting only the exhausted claim. Docket No. 14, habeas case ("February 22 Order"). The deadline for filing an amended petition was March 24, 2010. *Id*. On April 12, 2010, the petition was dismissed without prejudice due to Plaintiff's failure to file an amended petition. Docket No. 17, habeas case. Judgment was again entered against Plaintiff. Docket No. 18, habeas case ("April 12 Judgment"). Both the February 22 Order and the April 12 Judgment were sent to Mr. Newton at the address provided by him in a letter dated December 13,

5

1    2008. Docket No. 10, habeas action. Nevertheless, both were returned as undeliverable. *See*

2    Docket Nos. 15, 20, habeas case.

3    **III. ANALYSIS**

4        **A. Legal Standard Under 28 U.S.C. § 1915(e)**

5        Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave

6    to proceed in forma pauperis, courts must engage in a screening and dismiss any claims which: (1)

7    are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek

8    monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

9    *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2)

10   provides that a pleading must contain a "short and plain statement of the claim showing that the

11   pleader is entitled to relief." Pleadings that lack such statement have failed to state a claim.

12   In determining whether a plaintiff states a claim, the court assumes that all factual allegations in

13   the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)

14   (citations omitted). However, "the tenet that a court must accept a complaint's allegations as true

15   is inapplicable to . . . mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)

16   (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, factual allegations may be

17   disregarded if contradicted by documents to which the court may properly refer, such as matters of

18   public record of which the court may take judicial notice. *See Nicosia v. De Rooy*, 72 F. Supp. 2d

19   1093, 1100 (N.D.Cal., 1999) (citing *Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th

20   Cir.1987)). A complaint is "frivolous" under § 1915 where there is no subject matter jurisdiction.

21   *See Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a

22   complaint should be dismissed as frivolous under § 1915 where subject matter jurisdiction is

23   lacking).

24
25       **B. Constitutional and Statutory Requirements Associated With Outgoing Legal Mail**

26       A former state prisoner may assert claims for constitutional violations alleged to have

27   occurred while the plaintiff was incarcerated under 42 U.S.C. § 1983. *Nonnette v. Small*, 316 F.3d

28   872, 877 (9th Cir. 2002) (holding that while habeas petition was rendered moot by plaintiff's

6

1  release from prison, he could bring an action for damages under § 1983 based on alleged
2  constitutional violations while incarcerated). To state a claim under § 1983, a plaintiff must allege
3  two essential elements: 1) the violation of a right secured by the Constitution or laws of the United
4  States, and 2) that the alleged deprivation was committed by a person acting under the color of
5  state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another of a constitutional
6  right within the meaning of section 1983 if he does an affirmative act, or omits to perform an act
7  which he is legally required to perform that causes the constitutional injury." *In re Harris in*
8  *Forma Pauperis Applications*, 1995 WL 390625 (N.D. Cal. June 19, 1995) (citing *Leer v. Murphy*,
9  844 F.2d 628, 633 (9th Cir. 1988)).

10  The Fourteenth Amendment of the U.S. Constitution guarantees prisoners a right of access
11  to the courts. *Id*. (*citing Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Sands v. Lewis*, 886 F.2d
12  1166, 1168 (9th Cir. 1989)). Thus, "[a]ny deliberate impediment to access, even a delay of access,
13  may constitute a constitutional deprivation." *Jackson v. Procunier*, 789 F.2d 307, 311 (5th Cir.
14  1986). Nonetheless, a plaintiff can state a claim for denial of access to the courts only if he
15  alleges facts that will establish actual injury. *Harris*, 1995 WL 390625 at * 2. As the court in
16  *Harris* explained:

> [P]laintiff must show that he was actually injured by the denial of access; mere delay in filing papers is not enough, for example, if the papers were nevertheless timely filed and considered by the court. Only if actual injury is alleged does plaintiff state a claim for which relief can be granted.

20  *Id*. (citing *Sands*, 886 F.2d at 1171).

21  **C. Discussion**

22  The only potential federal claim asserted in this case is Plaintiff's allegation that his right
23  to due process under the Fourteenth Amendment was violated by the delay in mailing legal mail
24  to this court, which the Court construes as a civil rights claim under 42 U.S.C. § 1983. This claim
25  fails for two reasons.

26  First, Plaintiff has named only the prison as a defendant. As stated above, to state a claim
27  under § 1983, the defendant must be an *individual* acting under the color of state law. Therefore,
28  Plaintiff has not named a proper defendant.

7

1    Second, Plaintiff's allegations, when considered in light of the procedural history of his
2 habeas case, show that no actual injury resulted from the alleged delay in mailing Plaintiff's legal
3 mail. The only mail received by the Court in December of 2008 was Plaintiff's filing fee, which
4 he apparently believed was due on December 12, 2008. Yet the Court set no such deadline and
5 indeed, vacated its prior judgment after receiving Plaintiff's filing fee. Thus, rather than
6 preventing Plaintiff from "proceed[ing] with his appeal," as Plaintiff alleges in his complaint, the
7 delay associated with mailing his filing fee (which was only a few days) had no impact on
8 Plaintiff's habeas case. Further, the Court's subsequent dismissal of Plaintiff's habeas petition
9 was based on Plaintiff's failure to exhaust his state remedies as to two of his claims and was
10 completely unrelated to the date on which it received Plaintiff's filing fee. Similarly, the Court's
11 ultimate dismissal of the petition resulted from Plaintiff's failure to file an amended petition and
12 not due to the prison's alleged delay in mailing Plaintiff's filing fee to the Court. Therefore, the
13 procedural history of the habeas case, of which the Court takes judicial notice, establishes that the
14 delay alleged by Plaintiff did not cause any actual injury to Plaintiff.

15    For these reasons, the Court finds that Plaintiff fails to state a federal claim and therefore,
16 that this Court lacks subject matter jurisdiction over the action.

## IV.    CONCLUSION

18    For the reasons stated above, the Court dismisses Plaintiff's complaint with leave to file an
19 amended complaint within thirty (30) days of the date of this order. If an amended complaint is
20 not filed within thirty days, the Clerk is instructed to close the file. The Case Management
21 Conference currently set for **November 8, 2013 is vacated**.

22    Plaintiff may wish to seek free limited legal assistance from the Federal Pro Bono Project
23 by calling the appointment line (415) 782–9000 x 8657 or signing up for an appointment in the
24 appointment book located outside the door of the Project, located at the San Francisco courthouse
25 on the 15th Floor, Room 2796. Appointments are held Monday through Friday at various times

throughout the day. Plaintiff can speak with an attorney who will provide basic legal help, but not legal representation.

**IT IS SO ORDERED.**

Dated: October 30, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge