UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDELL NEWTON,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN QUENTIN STATE PRISON,<br><br>    Defendant. | Case No. 13-03719 JCS<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE UNDER 28 U.S.C. § 1915** |

On October 30, 2013, the Court dismissed Plaintiff's complaint with leave to amend under 28 U.S.C. § 1915 for lack of federal subject matter jurisdiction. [Docket No. 7] The Court identified two deficiencies in Plaintiff's complaint, which it construed as asserting, *inter alia*, a civil rights claim under 42 U.S.C. § 1983 based on denial of Plaintiff's constitutional right to due process. First, Plaintiff named only the prison as a defendant instead of naming as a defendant an individual who acted under color of state law. Second, Plaintiff did not allege any facts showing that he was harmed by the alleged conduct. In particular, although Plaintiff alleged that Defendants' delay in sending his legal mail to the court resulted in his missing a deadline in his action seeking a writ of habeas corpus, the record showed that the Court dismissed Plaintiff's habeas petition on the merits and not because he missed any deadline.

On November 8, 2013, Plaintiff filed an amended complaint. Plaintiff added Correctional Officer Curzon as a defendant and alleged that he acted under color of state law. In doing so, Plaintiff cured the first deficiency identified by the Court. Plaintiff also attempted to remedy the second deficiency identified by the Court, explaining that his appeal to the California Supreme Court was denied on December 12, 2007. Amended Complaint ¶ 2. Consequently, Plaintiff's

petition for habeas corpus in federal court was due on December 12, 2008 – one year later. *Id*. The filing fee reached the Court a few days after that, as explained in the Court's previous order. Plaintiff's amendment is not sufficient to show that he was harmed by the delay in sending his legal mail to this court, however because, as discussed in the Court's previous order, the record reflects that in the habeas case Judge Fogel vacated the Court's judgment after it received Plaintiff's filing fee and gave Plaintiff the benefit of the July 9, 2008 filing date. Plaintiff's habeas petition was ultimately denied on the merits and not because of the delay in Plaintiff's legal mail. Therefore, Plaintiff's amended complaint fails to cure the deficiency identified in the Court's previous order.

Because Plaintiff's amended complaint, like the original complaint, fails to state any federal claim, the Court dismisses this action with prejudice. The Clerk is instructed to close the file in this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: December 12, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge